UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| JULIO PEREZ,                                   Plaintiff, | **DECISION** |
| v. | **and** |
| | **ORDER** |
| SGT. KRUGGER,  SGT. GREGORY, | **12-CV-740F** |
| C.O. BELL, C.O. SMITH, | |
| C.O. POKEGO, | |
|                                   Defendants. | |

_____

APPEARANCES:    JULIO PEREZ, *Pro Se*
                01-A-58
                Attica Correctional Facility
                P.O. Box 149
                Attica, New York    14011

                ERIC T. SCHNEIDERMAN
                NEW YORK STATE ATTORNEY GENERAL
                Attorney for Defendants
                DAVID J. SLEIGHT,
                Assistant New York State Attorney General, of Counsel
                350 Main Street, Suite 350
                Buffalo, New York    14202

In this Section 1983 action Plaintiff, a state prisoner, alleges an Eighth Amendment violation based on excessive force and lack of proper medical care, and a Due Process violation based on fabricated disciplinary charges against Plaintiff.  By papers filed April 22, 2014 (Doc. No. 35), Plaintiff requests the court (1) vacate a motion deadline, which the court construes as a motion to issue an amended scheduling order, (2) schedule a date for deposition of his treating physicians, (3) direct a physical examination of Plaintiff pursuant to Fed.R.Civ.P. 35 ("Rule 35"), (4) enforce a subpoena for deposition of four non-party corrections officers, (5) direct the Federal Bureau of Investigation ("FBI") to investigate Plaintiff's claims, and (6) appoint an attorney for

Plaintiff ("Plaintiff's April 22, 2014 Motion").  Defendant responded to this motion on May 30, 2014, as directed by the court, by filing the Declaration of David J. Sleight, Assistant N.Y. Attorney General ("AAG Sleight") (Doc. No. 39) ("Sleight Decl.") in which Defendants took no position on Plaintiff's request to enter an amended scheduling order, reminding the court of then Defendant's pending motion (Doc. No. 26) to compel discovery of Plaintiff, particularly Plaintiff's deposition, which Defendants assert Plaintiff has prevented by refusing to present himself for deposition.  Sleight Decl. ¶ 3.  Defendants also point out that although the court previously directed that Plaintiff be provided with subpoenas for the non-party physician witnesses (Doc. No. 33), Plaintiff failed to properly serve such physicians.  Sleight Decl. ¶ 4.  Defendant further opposes Plaintiff's motion with respect to Defendants, explaining that the court previously advised (Doc. No. 33 at 3) Plaintiff to proceed by deposition pursuant to Fed.R.Civ.P. 30 with respect to Defendants and that Plaintiff had failed to do so.  *Id.*  Regarding Plaintiff's request for an independent medical examination pursuant to Fed.R.Civ.P. 35, Defendants assert that Rule 35 does not purport to authorize such relief, *id.* ¶ 5, explaining that Plaintiff may obtain an examination by an outside physician of his choice at his expense.  Finally, regarding Plaintiff's request for an FBI investigation, Defendants state their belief that the court is without authority to approve such request.  *Id.* ¶ 6.

By papers filed June 24, 2014 (Doc. No. 40), Plaintiff requests permission to depose Defendants ("Plaintiff's June 24, 2014 Motion").  By Declaration of David J. Sleight, Assistant N.Y. State Attorney General (Doc. No. 42) filed July 25, 2014 ("Sleight Decl. II"), Defendants took no position on Plaintiff's new motion and instead rely on

Defendant's response to Plaintiff's motion filed April 22, 2104, Sleight Decl. II ¶ 3, again reminding the court of Defendant's pending motion to compel based on Plaintiff's prior refusal to appear for an oral deposition.[1]  *Id.*

By papers filed August 19, 2014 (Doc. No. 43) ("Plaintiff's August 19, 2014 Motion"), Plaintiff reiterated Plaintiff's requests as set forth in Plaintiff's April and June 2014 motions while adding a new request that the court remove Defendant's attorney, AAG Sleight, from the case.  Defendants responded by Declaration of David J. Sleight, Assistant N.Y. State Attorney General, filed September 10, 2015 (Doc. No. 46) ("Sleight Decl. III").  Defendants contend that Plaintiff's assertions against AAG Sleight are insufficient to support removal.  Sleight Decl. III ¶¶ 3-4.

Plaintiff's April 22, 2014 Motion.

As noted, in this motion Plaintiff seeks a variety of relief including an amended scheduling order, depositions of Plaintiff's treating physicians, a Rule 35 examination of Plaintiff, enforcement of non-party subpoenas for non-party depositions, a direction to the FBI to investigate Plaintiff's claims, and to appoint counsel.

As to Plaintiff's request for an amended scheduling order, the court finds that in light of the numerous issues that have arisen in connection with completing discovery including difficulties arising in connection with the taking of Plaintiff's deposition, based on Plaintiff's failure to cooperate, there is good cause to modify the Scheduling Order (Doc. No. 14) as follows:  All discovery shall be completed not later than **July 30, 2015;** motions to compel discovery shall be filed by **June 30, 2015**.  Testifying expert reports

---

[1]  Defendants' motion was granted by Decision and Order filed September 4, 2014 (Doc. No. 44) in which the court directed Plaintiff to participate in his deposition within 45 days.  However, to date no transcript of such deposition has been filed nor have Defendants sought to dismiss based on Plaintiff's subsequent refusal to comply.

shall be filed by **August 30, 2015.**  Dispositive motions shall be filed by **September 30, 2015.**

As to Plaintiff's request for depositions of Plaintiff's treating physicians, the court notes that such discovery must proceed in accordance with Fed.R.Civ.P. 45 ("Rule 45"). Nothing in Plaintiff's papers indicates Plaintiff has complied with Rule 45 with respect to the requested physician deposition including service of subpoenas and tendering of witness fees.  See Fed.R.Civ.P.45 (b).  Accordingly, Plaintiff's request is DENIED.

Regarding Plaintiff's Rule 35 request, by its terms Rule 35 allows examination of a party upon another party's request if relevant to the claims of any party.  See Baicker-McKee, Janssen, Corr, FEDERAL CIVIL RULES HANDBOOK 2015 (Thompson Reuters) at 924 ("Any party is subject to examination [pursuant to Rule 35] upon motion <u>by any other</u> party. . ..") (citing *Schlagenhauf v. Holder*, 379 U.S. 104, 114-16 (1964)) (underlining added).  Although Rule 35 permits an examination of any party it is by its terms available to a party other than the party to be examined.  Accordingly, Rule 35 is not available as a device to obtain, as Plaintiff requests, an examination of Plaintiff and, as such Plaintiff's request is DENIED.  Plaintiff may seek to have an examination by a physician of his choice subject to reasonable access restrictions at Plaintiff's place of incarceration.

As to Plaintiff's request for a non-party deposition of certain corrections officers, Plaintiff has failed to comply with the prerequisites applicable to such depositions under Rule 45.  See, Discussion, *supra*, at 3-4. Plaintiff's request as to such depositions is therefore DENIED.

Plaintiff's request that the court direct the FBI to investigate his claims must also

be DENIED as, absent a statute, the court has no authority to do so.  *See, e.g., Graham v. N.Y. Center for Interpersonal Development*, 2015 WL 1120120, at \*\*2, 4 (E.D.N.Y. Mar. 12, 2015) (dismissing as frivolous for want of any basis in law or fact complaint seeking, *inter alia*, a court order directing the FBI investigate Family Court's decision that resulted in plaintiff losing custody of minor child).  Plaintiff is free to communicate with the FBI to request the agency conduct such investigation.

As to Plaintiff's request for appointment of counsel, the court previously (Doc. No. 33) denied Plaintiff's request and sees no reason to change its ruling at this time.  Plaintiff's renewed request for appointment of counsel is therefore DENIED.

Plaintiff's June 24, 2014 Motion.

In this motion Plaintiff requests permission for Plaintiff to depose Defendants.  However, Plaintiff does not require permission to attempt to conduct such a deposition in accordance with Fed.R.Civ.P. 30(a) ("Rule 30(a)").  Plaintiff is reminded that unless Defendants agree or the court directs otherwise, Plaintiff is required to comply Fed.R.Civ.P. 30(b) ("Rule 30(b)") with respect to the taking of such depositions, and Plaintiff has not shown that Plaintiff has attempted to obtain a stipulation from Defendants waiving Plaintiff's compliance with Rule 30(b).  *See Beckles v. Artuz*, 2005 WL 702728, at \*2 (S.D.N.Y. Mar. 25, 2005) (explaining recording and transcription requirements under Rule 30(b) applicable to *pro se* prisoner civil rights actions and suggesting possible alternatives for court's approval).  Plaintiff's request to take Defendants' depositions is therefore DENIED without prejudice.

Plaintiff's August 19, 2014 Motion.

As noted, the new matter in this motion is limited to Plaintiff's request to have

AAG Sleight removed as Defendants' attorney.  Although the court has broad authority to address attorney misconduct, *see Ceramco, Inc. v. Lee Pharmaceuticals*, 510 F.2d 268, 272 (2d Cir. 1975) (courts have "supervisory power" to remove counsel for "actual wrong doing," affirming trial court's denial of defendant's motion to disqualify plaintiff's counsel), and possible disqualification, *see Bobal v. Rensselaer Polytechnic Institute*, 916 F.2d 759, 764-65 (2d Cir. 1990) (courts may order attorney disqualification where counsel fail to exercise independent judgment on behalf of client or where prior representation creates risk of violation of attorney-client privilege), Plaintiff points to no specific potential or actual misconduct by AAG Sleight or any disqualifying conflict of interest on his part that could conceivably warrant such a drastic remedy.  Accordingly, Plaintiff's request is DENIED.

## CONCLUSION

Based on the foregoing, Plaintiff's motions (Doc. Nos. 35, 40 and 43) are GRANTED in part, and DENIED in part.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: March 31, 2015
      Buffalo, New York

> **Plaintiff is advised that any appeal of this Decision and Order must be taken by filing written objection with the Clerk of Court not later than 14 days after service of this Decision and Order in accordance with Fed.R.Civ.P. 72(a).**