UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JULIO PEREZ,

                          Plaintiff,                        **DECISION**
                                                                **and**
         v.                                                   **ORDER**

SGT. KRUGGER,
SGT. GREGORY,                                        **12-CV-740V(F)**
C.O. BELL,
C.O. SMITH,
C.O. POKEGO,

                          Defendants.
_____

APPEARANCES:           JULIO PEREZ, *Pro Se*
                       01-A-0058
                       Sing Sing Correctional Facility
                       354 Hunter Street
                       Ossining, New York  10562-5498

                       ERIC T. SCHNEIDERMAN
                       NEW YORK STATE ATTORNEY GENERAL
                       Attorney for Defendants
                       DAVID J. SLEIGHT,
                       Assistant Attorney General, of Counsel
                       Main Place Tower, Suite 300A
                       350 Main Street
                       Buffalo, New York  14202

        In this prisoner § 1983 action, Plaintiff alleges excessive force, failure to protect

and denial of medical care in violation of the Eighth Amendment, and filing of a false

misbehavior report in violation of Plaintiff's due process rights under the Fourteenth

Amendment.  Before the court is Plaintiff's motion, filed April 15, 2015 (Dkt. 51)

requesting the court (1) vacate a scheduling order, (2) direct a deposition of Plaintiff's

treating physicians, Dr. Medina and Dr. Prince, who are employed at the DOCCS

Wende Correctional Facility where Plaintiff's alleged claims arose, (3) direct a physical

examination of Plaintiff pursuant to Fed.R.Civ.P. 35 ("Rule 35"), (4) enforce a subpoena for deposition of four non-party officers, (5) direct the Federal Bureau of Investigation ("FBI") to investigate Plaintiff's claims, and (6) appoint Plaintiff counsel ("Plaintiff's motion").  Plaintiff's motion also appears to include a request to file a Statement of Changes, pursuant to Fed.R.Civ.P. 30(e) ("Rule 30(e)") to his deposition Plaintiff states was taken September 29, 2014.  *See* Dkt. 51 at 2.

By papers filed May 22, 2015 (Dkt. 53), Defendants opposed Plaintiff's motion contending that with the exception of Plaintiff's Statement of Changes, each of Plaintiff's requests asserted by Plaintiff's motion had been raised in Plaintiff's prior motion (Dkt. 35) filed April 22, 2014, and granted in part and denied in part by this court's Decision and Order (Dkt. 49) filed March 31, 2015.  *See Perez v. Krugger*, 2015 WL 1472132, at *1 (W.D.N.Y. Mar. 31, 2015) ("the March 31, 2015 D&O").  By papers filed June 22, 2015, Plaintiff filed supplemental materials in support of Plaintiff's motion including copies of photographs of Plaintiff's alleged injuries inflicted by Defendants and Plaintiff's prison medical records.  (Dkt. 54).  Oral argument was deemed unnecessary.

Upon review, the court finds that each of Plaintiff's requests were the subject of the March 31, 2015 D&O and that there is no basis shown by Plaintiff upon which to reconsider the court's prior rulings.  For example, Plaintiff's request to amend the Scheduling Order was previously granted by the court in the March 31, 2015 D&O.  *Perez*, 2015 WL 1472132 at *2.  The same is true with respect to Plaintiff's remaining requests.  In the March 31, 2015 D&O, the court denied Plaintiff's request to conduct an examination of Plaintiff pursuant to Fed.R.Civ.P 35 on the ground the rule does not apply to a request by the party to be examined.  *See Perez*, 2015 WL 1472132, at *2.

The court also denied Plaintiff's request to conduct depositions of his treating physicians pursuant to Fed.R.Civ.P. 45 ("Rule 45") on the ground the Plaintiff failed to comply with Rule 45.  *Id.*  In Plaintiff's motion, Plaintiff notes this request is based on his *in forma pauperis* status.  However, the court previously ordered service of the Rule 45 subpoenas by the U.S. Marshal Service on Dr. Prince and Medina, Dkt. 33 at 4, and service was completed on May 9, 2014 (Dkts. 37 and 38).  Plaintiff makes no showing that either doctor failed to comply with Plaintiff's Rule 45 subpoenas indicating Plaintiff was unable, because of his incarceration, to arrange to conduct the deposition in accordance with the subpoenas.  That, as a *pro se* prisoner, Plaintiff is unable to arrange to conduct a deposition of a witness pursuant to Rule 45 is not a disability for which the court has the authority to remedy.  *See Concepcion v. Napolitano*, 2002 WL 31409983, at *1-2 & n. 2 (S.D.N.Y. Oct. 24, 2002) (noting that because plaintiff was an incarcerated *pro* se litigant, the court would generally order plaintiff to rely on written questions to depose defendants, but in light of defendants' "vigorous" insistence that they be deposed, defendants were ordered to arrange for the plaintiff to depose them); *see also Nowlin v. Lusk*, 2014 WL 298155, at *10 (noting practical inability of *pro se* prisoner plaintiff to conduct oral depositions by telephone based on security issues or lack of cooperation by prison officials); *Beckles v. Artuz*, 2005 WL 702728, at *2 (requiring *pro se* prisoner plaintiff present plan to address logistical and cost obstacles in plaintiff's ability to conduct and record oral depositions of inmate deponents and suggesting use of depositions in writing as a more practical alternative).  Plaintiff's motion as to this request is therefore moot.  As to Plaintiff's request to depose four non-party corrections officers, the March 31, 2015 D&O also denied this request based on

Plaintiff's failure to comply with Rule 45.  *Perez*, 2015 WL 1472132, at *2.  Moreover, as discovery concluded on July 30, 2015, *id.,* and Defendants' summary judgment motions are now pending, Dkt. 55, Plaintiff's Rule 45 requests are now moot.  With respect to Plaintiff's request to direct the FBI to investigate Plaintiff's claims, this request was also denied by the March 31, 2015 D&O based on the court's lack of authority.  *Id.*  As with Plaintiff's other requests, Plaintiff's request for appointment of counsel was also denied by the March 31, 2015 D.O.  *Id.* at *3.

Regarding Plaintiff's Rule 30(e) Statement of Changes, while there appears to be some uncertainty with regard to which deposition Plaintiff seeks to file such statement, as the docket does not indicate the existence of a September 29, 2013 deposition, only docketing Plaintiff's April 1, 2015 deposition (Dkt. 50), under Fed.R.Civ.P. 30(e) Plaintiff's Statement of Changes were required to be filed with the officer (notary) conducting and recording Plaintiff's deposition.  Accordingly, no action by the court on this part of Plaintiff's motion is required.

## CONCLUSION

Based on the foregoing, Plaintiff's motion (Dkt. 51) is DENIED.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated:  March 29, 2016
        Buffalo, New York

4

Any appeal of this Decision and Order must be taken by filing written objections with the Clerk of Court not later than 14 days after service of this Decision and Order in accordance with Fed.R.Civ.P. 72(a).